UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 15-05113 JAK (PLAx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | Hassah El Bey v. Marco Robles, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

Hasseh El Bey ("Plaintiff") filed this action naming 11 individuals as defendants. Dkt. 1. The Complaint alleges that the basis for jurisdiction is both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, no federal cause of action is pleaded. Rather, three state law claims are pleaded: "trespass to chattel of case", "intentional tort of conversion", and intentional infliction of emotional distress. *Id.* Accordingly, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331.

When a case does not arise under federal law, this Court has original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. A civil action may be filed in a federal court based on diversity jurisdiction only where the adverse parties are citizens of different states, and the amount in controversy exceeds $75,000. *Id.* Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), a federal court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998).

Citizenship for diversity purposes requires that a party must be a citizen of the United States who is domiciled in a particular state. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Each party is an individual. An individual is domiciled where he or she has "established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (quotations omitted). Other factors that bear on the determination of domicile include: current residence, voter registration, location of property and bank accounts, location of family, membership in organizations, place of employment, the state that issued a person's driver's license, the state where a person motor vehicle is registered, and the state where the person pays income and other taxes. *Id.*

The Complaint alleges that Plaintiff "is a Native American Cherokee World Citizen" who resides in California. Dkt. 1 ¶ 38. The Complaint alleges that each defendant "either resides or conducts business regularly in the County of Los Angeles." *Id.* ¶¶ 39-49. Diversity jurisdiction depends on citizenship, not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 15-05113 JAK (PLAx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | Hassah El Bey v. Marco Robles, et al. | | |

residency. 28 U.S.C. § 1332; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To establish diversity jurisdiction, Plaintiff must plead his citizenship as well as the citizenship of each defendant, i.e., the state in which each party is domiciled rather than the state in which each party resides or conducts business.

Therefore, the Complaint does not establish that there is subject matter jurisdiction over this action. There is insufficient evidence with respect to the citizenship of all parties so that an assessment of jurisdiction can be made pursuant to 28 U.S.C. § 1332. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. Should Plaintiff elect to proceed in this action, on or before August 21, 2015, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer    ak